# James A. McDevitt et al., Appts. v. People's Natural Gas Company, et al.

On a bill in equity against the People's Natural Gas Company to restrain it from laying pipes under the sidewalk in front of plaintiffs' property and the transportation of natural gas through the same,—*Held*, that, the company having the right of eminent domain, and the proceeding in this case being equivalent to a regular condemnation of the property to its use, on the giving of a sufficient bond by the company to plaintiffs to secure them against any loss or damage by reason of the matters complained of, the injunction granted should be dissolved and further relief refused.

(Argued November 16, 1886.   Decided January 3, 1887.)

October Term, 1886, No. 258, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.   Appeal from a decree of the Common Pleas No. 1 of Allegheny County, in equity, dismissing a bill for an injunction upon the giving of a bond by defendant to secure plaintiffs against loss or damage.   Affirmed.

This was a bill in equity filed by James A. McDevitt and others against the People's Natural Gas Company and others, to restrain them from laying, under the sidewalk in front of plaintiffs' property, pipes for the transportation of natural gas at high pressure; to prevent the connection of said pipes already laid with the line of said company at either end of the property described in the bill; to prevent the transportation of natural gas through the pipes laid under the sidewalk in front of plaintiffs' property, and for other and general relief.

An affidavit filed by the president of the defendant company alleged the incorporation of said company under act of May 29, 1885; that under said act and an ordinance of the city of Pitts-

Cited in McDevitt v. People's Natural Gas Co. 160 Pa. 367, 372, 28 Atl. 948.

NOTE.—After bond given as directed in McDEVITT v. PEOPLE'S NATURAL GAS COMPANY, damages were assessed for the laying of pipes under the sidewalk. From this assessment an appeal was taken on the ground that the abutting owner was not entitled to damages for such injury. This position was sustained in McDevitt v. People's Natural Gas Co. 160 Pa. 367, 28 Atl. 948. See also Pittsburgh's Appeal, 115 Pa. 4, 7 Atl. 778.

burgh of December 29, 1887, the company had the right to enter streets and highways of the city and lay its pipes to convey gas thereon subject only to such reasonable regulations as the said city might by ordinance prescribe. That such company found it necessary to pass along the street in said city upon which plaintiffs' property abuts and made its plans to excavate and lay its pipes under the wagon way of the street, but at the instance of the city engineer laid its pipes under the sidewalk, said wagon way having an asphaltum pavement while said sidewalk was only partially improved by pavement or otherwise; that the said pipes were laid in a skilful manner, and are free from and not subject to leaks of gas and that no damage can accrue to plaintiffs' property by the location of the same.

On the filing of the bill the court granted a preliminary injunction, and thereafter upon hearing the court made the following order:

"And now, to wit: July 24, 1886, the preliminary injunction continued until defendants shall have given a bond to plaintiffs in the sum of $3,000 to secure them against any loss or damage by reason of the matters complained of, and upon the giving of such bond the injunction in this case to be dissolved and the other prayers of plaintiffs refused."

The plaintiffs took this appeal assigning, *inter alia,* as error the action of the court in making the above order.

*F. M. Magee* and *George C. Wilson* for appellants.

*George Shiras, Jr.,* and *S. Schoyer, Jr.,* for appellees.

Per Curiam:

As the proceeding in this case is equivalent to a regular condemnation of the property of the appellants to and for the use of the People's Natural Gas Company, a corporation having the right of eminent domain, and the bond ordered by the court appearing to be sufficient to cover all damages that may result by reason of the company's entry and occupation of the sidewalk, we cannot reverse the order of the common pleas.

The decree is affirmed and the appeal dismissed, at the costs of the appellants.